## WILLIAM NEUHALFEN

*v.*

## THE STATE OF ILLINOIS.

*Opinion filed September 10, 1889.*

1. STATUTE OF LIMITATIONS—*unliquidated claims must be filed within two years.* Unless an unliquidated claim for damages is filed within two years after the cause of action accrues, it is barred by the statute of limitations.

2. ACTIONS—*damages through construction of dam; when action accrues.* Cause of action for overflow of lands caused by erection of dam across river accrues at the time of completion of the dam.

*Fairbanks v. the State, ante page 1* followed.

The claimant in this case filed his claim against the State of Illinois, October 30, 1879, with the Auditor of Public Accounts.

The petition filed with this claim states in substance that on October 20, 1877, and before and since that time he was the owner of the southeast fractional quarter of section 20, in township 13, north of range 10, east of the 4th P. M., in Marshall county, Illinois, containing one hundred and twenty-one acres and that the land was situated in the bottoms and low lands bordering upon the Illinois river, subject to inundation from floods and high water in said river; that during the months of May to October inclusive in each year said river is usually at or near "low water mark," and the land described left dry yielding crops of grass valuable for pasture and hay and when under cultivation, profitable crops of grain being raised. That in the month of October, 1877, a dam was constructed across the Illinois river near Copperas Creek under and by virtue of the authority of the State of Illinois, raising the water at said dam about six feet making the low water mark at said dam some six feet higher than before the construc-

tion of the dam and in the river opposite the lands of the claimant two or three feet higher than it would have been but for said dam; that before the building of said dam a raise in the water by summer rains was harmless to said land but since the building of the same, raising the water from four and one-half to six feet, causing the land of claimant to become water soaked, soft and spongy, and making his land liable to frequent overflows and unproductive.

The Attorney General has filed a plea of the statute of limitations in answer to said claimant's petition.

We have had occasion in the case of William R. Fairbanks for the use of the First National Bank of Lacon v. The State of Illinois, to pass upon the question of the statute of limitations as applied to this class of cases where the claims were unliquidated and decided in that case that unless the claim was filed with the Auditor within two years from the time the cause of action accrued that under the statute of limitations of 1847, the claim would be barred. We also decided in that case that the cause of action accrued from the time the dam of Copperas Creek was completed which caused the level of the water to be permanently raised in the Illinois river so as to damage the lands adjoining, which was not later than October 22, 1877. This claim was not filed until October 30, 1879—more than two years after the cause of action had accrued. We do not see anything that excepts this case from the law as applied in that case. While it may seem a hardship to this claimant, the merits of whose case we have not examined, we have no discretion under the law as we understand it, and are compelled to hold that his claim is barred by the statute of limitations.

Our conclusion is that this claim is barred by the statute of limitations above referred to and for that reason should be rejected.